Alan R. LISZEWSKI; Maryann J. McCloskey; Charles E. Sedlack

v.

MOYER PACKING COMPANY

Charles E. Sedlack, Appellant.

No. 06–3558.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 26, 2007.

Filed Oct. 29, 2007.

450

Michael W. Sozansky, Jr., Conley & Sozansky, Flemington, NJ, for Alan R. Liszewski, et al.

Bonnie A. Sheehan, Fox Rothschild, Lansdale, PA, for Appellant.

BEFORE: FISHER, STAPLETON and COWEN, Circuit Judges.

OPINION

COWEN, Circuit Judge.

Appellant Charles E. Sedlack began working for Showcase Foods as an accountant in late 2003. In early June 2004, all Showcase employees were informed that the company was closing down, but some management employees, including Sedlack, were told that they might be eligible for jobs at Appellee Moyer Packing Company, an affiliated company, if positions were available. However, on June 17, 2004, Sedlack was notified that there would be no position for him. He nevertheless remained with Showcase through its closing in September 2004 so as to be eligible for severance pay. Sedlack was 59 years of age at the time.

On March 9, 2005, Sedlack submitted three intake questionnaires to the United States Equal Employment Opportunity Commission ("EEOC") complaining of age discrimination. The EEOC sent him a draft charge in May, and on May 26, 2005, he submitted the signed formal charge to both the EEOC and the Pennsylvania Human Relations Commission ("PHRC").

Sedlack instituted this civil action against Moyer Packing Company for violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), the Pennsylvania Human Relations Act ("PHRA"), and for intentional infliction of emotional distress. The District Court granted summary judgment in favor of Moyer on the

grounds that the discrimination claims were time-barred, and declined to exercise supplemental jurisdiction over the tort claim. This appeal followed.

The District Court had jurisdiction under 28 U.S.C. § 1331 and we exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary. *Pittston Co. Ultramar America Ltd. v. Allianz Ins. Co.*, 124 F.3d 508, 515 (3d Cir.1997).

Sedlack contends that the District Court erred when it determined that the time for filing his EEOC charge began running on June 17, 2004; alternatively, he claims that his exhaustion was timely because his March 9, 2005 intake questionnaires should have stopped the clock (or that he is entitled to equitable tolling based on the EEOC's delay in processing his questionnaires). None of these arguments are availing.

 First, by his own admission, the decision to terminate Sedlack was communicated to him on June 17, 2004. JA at 28; *Bailey v. United Airlines*, 279 F.3d 194, 199 (3d Cir.2002) (notice of termination starts charge-filing clock). He presented no competent evidence to the contrary. *See Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109–10 (3d Cir.1985) (legal arguments in briefs are not evidence). Furthermore, his attempt to recast his complaint as one of failure to hire does not change our analysis. Even if this is a fair characterization of what occurred, that claim is not properly before us. Neither his EEOC charge nor his District Court Complaint contain an allegation that any discriminatory actions occurred in September 2004; both focus solely on the events of June 2004. JA at 28; Compl., ¶¶ 7–9. As such, the record is clear that Sedlack failed to exhaust his failure to hire claim before the EEOC. 29 U.S.C. § 626(d) (filing EEOC charge is statutory prerequisite to bringing civil action); *Antol v. Perry*, 82 F.3d 1291, 1295–96 (3d Cir.1996) (discrimination claim barred where specifics of EEOC charge did not "fairly encompass" particular allegations). Accordingly, the charge-filing clock began running on June 17, 2004, and Sedlack's May 26, 2005 charge was filed some 40 days outside the statutory allowance. 29 U.S.C. § 626(d)(2) (300 days to file). It necessarily follows that his PHRA claim is barred as well. 43 Pa. Stat. § 959(h) (must file charge with PHRC within 180 days).

 Second, we need not consider Sedlack's alternative arguments because they were not presented to the District Court in the first instance and are therefore waived. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 799 (3d Cir.2001). Even if we were to entertain them, they nevertheless entitle him to no relief. It is settled law that an unverified intake questionnaire is insufficient to constitute a charge for tolling of the statute of limitations. *See, e.g., Bailey*, 279 F.3d at 199 n. 2; *see also* 29 C.F.R. § 1601.9 (charge must be verified). Nothing in this case justifies a departure from this general rule. Nor has Sedlack demonstrated that his is an "extraordinary" case warranting equitable tolling, especially in the absence of an allegation of deception or misinformation on the part of the EEOC. *See Podobnik v. United States Postal Serv.*, 409 F.3d 584, 591 (3d Cir.2005). On the contrary, the EEOC here in fact timely advised Sedlack in March of 2004 that there might be a delay in the processing of his intake forms. JA at 27.

For the reasons set forth, we will affirm the District Court's June 27, 2006 judgment.